UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIOVANNI A. GUICHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-00066 JSD |
| ) | |
| MCCORMACK BARON ) | |
| MANAGEMENT, INC.,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Giovanni Guichard for leave to commence this action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to show cause within twenty-one days (21) as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Complaint

Plaintiff Giovanni Guichard filed this action on January 11, 2024, against defendant McCormack Baron Management, Inc., the leasing company for his prior apartment in St. Louis, Missouri. [ECF No. 1]. In the section of the form complaint to state his basis for jurisdiction, plaintiff does not indicate whether he is bringing this action pursuant to federal question or diversity of citizenship. *See id.* at 3-4. The Federal Question section has been left blank. In the

---

[1] Defendant McCormack Baron Management, Inc.'s name is misspelled on the Court's docket. The Clerk will be instructed to correct the spelling of defendant's name.

section titled "The Amount in Controversy," plaintiff has written, "Defendant has not performed its fiduciary duties and obligations to the contract in place on behalf of the plaintiff." *Id.* at 4.

Plaintiff alleges the following in his "Statement of Claim:"

1. Plaintiff and defendant entered into a Lease Agreement on February 10th 2020 in Saint Louis, Missouri.
2. Plaintiff was removed from property on or about July 20th 2023, resulting in loss of personal items removed from such dwelling.
3. Plaintiff suffers from mental anguish due to such event that took place.
4. Defendant breached contract by failing to perform their fiduciary duties of said Lease Agreement. Asked by plaintiff in writing to resolve the matter by proper performance which defendant chose not to do.

*Id.* at 5.

For relief in this action plaintiff seeks compensatory damages, as well as injunctive relief.

## Discussion

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

Here, it does not appear from plaintiff's complaint that either federal question jurisdiction or diversity jurisdiction is present. First, plaintiff leaves the "Federal Question" section blank, and nothing in the statement of claim refers to a violation of a specific federal statute or Constitutional provision. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

In his "Civil Cover Sheet," plaintiff states that his cause of action arises under 41 U.S.C. § 6503, as well as Missouri Revised Statute § 516.120.[2] However, the federal statute to which plaintiff cites, titled "Breach or violation of required contract terms," governs certain contracts made by agencies of the federal government. *See, e.g., Gilmore-Bey v. Coleman*, No. CIV-23-

---

[2]The Missouri Statute to which plaintiff cites is titled, "What actions within five years," and sets forth the statute of limitations for trespass, fraud and breach of contract in Missouri. It does not, by itself, establish a cause of action.

1157-G, 2024 WL 56313 (W.D. Ok. Jan. 4, 2024). Thus it is inapplicable to plaintiff or the present action and cannot form the basis of federal question jurisdiction.

Furthermore, plaintiff does not indicate that this Court has diversity jurisdiction, as he does not allege that the parties are citizens of different states or provide sufficient facts to support the legitimacy of a claim exceeding $75,000. Although he has not indicated in his complaint that he is bringing his lawsuit under diversity, *see* 28 U.S.C. § 1332, it does not appear he could do so if given the opportunity. In his complaint he claims that he is a citizen of the State of Missouri. Additionally, he asserts that defendant is incorporated in Delaware with its principal place of business in the State of Missouri. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (identifying the "nerve center" test for principal place of business). Because both plaintiff and defendant share Missouri citizenship, plaintiff cannot sustain a diversity action in this Court.

## Order to Show Cause

As discussed above, plaintiff has not adequately provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, plaintiff will be ordered to show cause within twenty-one (21) days of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall correct the spelling of defendant's name: McCormack Baron Management, Inc.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff is required to show cause in writing and within **twenty-one (21) days** of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED that plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 12th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE