UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIOVANNI A. GUICHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-66 JSD |
| ) | |
| MCCORMACK BARON ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is now before the Court upon self-represented plaintiff Giovanni Guichard's response to the Court's Order dated January 12, 2024. *See* ECF Nos. 4 & 5. In that Order, the Court directed plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response attempts to assert jurisdiction under the diversity statute. *See* ECF No. 5. However, the Court finds plaintiff's arguments for diversity jurisdiction to be meritless. As such, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### Background

Plaintiff Giovanni Guichard filed this action on January 11, 2024, against defendant McCormack Baron Management, Inc., the leasing company for his prior property in St. Louis, Missouri. ECF No. 1. In the section of the form complaint to state his basis for jurisdiction, plaintiff failed to indicate whether he was bringing this action pursuant to federal question or diversity of citizenship. *See id.* at 3-4. The Federal Question section was left blank. In the section titled "The Amount in Controversy," plaintiff had written, "Defendant has not performed its fiduciary duties and obligations to the contract in place on behalf of the plaintiff." *Id.* at 4.

Plaintiff alleged the following in his "Statement of Claim:"

1. Plaintiff and defendant entered into a Lease Agreement on February 10th 2020 in Saint Louis, Missouri.
2. Plaintiff was removed from property on or about July 20th 2023, resulting in loss of personal items removed from such dwelling.
3. Plaintiff suffers from mental anguish due to such event that took place.
4. Defendant breached contract by failing to perform their fiduciary duties of said Lease Agreement. Asked by plaintiff in writing to resolve the matter by proper performance which defendant chose not to do.

*Id.* at 5.

For relief in this action plaintiff sought compensatory damages, as well as injunctive relief.

**Plaintiff's Response to the Order to Show Cause**

On February 1, 2024, plaintiff filed a response to the Court's Order to Show Cause regarding jurisdiction over this matter. ECF No. 4. The response is one page from the form complaint in which plaintiff attempts to amend his "Basis for Jurisdiction" by interlineation. He claims that the basis for jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 because McCormack Baron Management, Inc. is a citizen of Delaware, and he is a citizen of Missouri. Plaintiff also claims in a conclusory fashion that the amount in controversy exceeds $75,000.

**Discussion**

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Upon review of plaintiff's complaint and his one-page response to the Court's Order to Show Cause, the Court finds no basis for federal jurisdiction.

As noted in the Court's January 12, 2024 Opinion, Memorandum and Order, plaintiff left the "Federal Question" section of his complaint, ECF No. 1, blank, and nothing in the statement of claim referred to a violation of a specific federal statute or Constitutional provision. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

In his "Civil Cover Sheet," plaintiff stated that his cause of action arose under 41 U.S.C. § 6503, as well as Missouri Revised Statute § 516.120. However, the federal statute to which plaintiff cited, titled "Breach or violation of required contract terms," governs certain contracts made by agencies of the federal government. *See, e.g., Gilmore-Bey v. Coleman*, No. CIV-23-1157-G, 2024 WL 56313 (W.D. Ok. Jan. 4, 2024). Thus, it is inapplicable to plaintiff or the present action and cannot form the basis of federal question jurisdiction.

Although plaintiff has attempted to amend his pleading by interlineation through his response to the Court, the Court does not accept amendments by interlineation. *See Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Even if the Court did accept the amendment by interlineation and allow plaintiff to plead diversity jurisdiction through his "response brief," this Court finds that he has not properly pled such jurisdiction.

The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, the complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Plaintiff has failed to indicate the principal place of business of defendant McCormack Baron. Additionally, he has not properly pled that the amount in controversy exceeds $75,000.

The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). To satisfy the jurisdictional requirement of $75,000, punitive damages are included but "the existence of the required amount must be supported by competent proof." *OnePoint,* 486 F.3d at 348. When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.,* 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Plaintiff seeks up to $300,000 in damages in his complaint. However, he has not quantified his damages except to say that he suffered a loss of "personal items" when he was removed from

the property on or about July 28, 2023. Although it appears as though plaintiff is seeking punitive damages, which can be included in the amount in controversy, in Missouri, punitive damages are not ordinarily available in breach of contract actions unless the conduct giving rise to the claim of breach also constitutes an independent, willful tort. *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517 (Mo. Ct. App. W.D. 2007). Even if plaintiff were to bring this action under the general tort of "fraud" in Missouri, stricter punitive damages guidelines were added to Missouri Revised Statute § 510.261 in August of 2020. Under those guidelines, punitive damages shall not be awarded unless the plaintiff proves by clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with deliberate and flagrant disregard for the safety of others. *Id.* Plaintiff has not alleged such actions by defendant. Thus, there is no indication that plaintiff can sustain a claim for punitive damages in this action.

Plaintiff has not properly alleged the amount of damages he suffered as a result of defendant's alleged actions, the amount of punitive damages sought, nor has he supplied any proof that punitive damages would be awarded in this action. Therefore, the Court cannot find that the amount in controversy meets the jurisdictional requirement in excess of $75,000.

## Conclusion

This federal court has a duty to ascertain whether jurisdiction exists over a matter. After review of the record, the Court finds that there is no basis for jurisdiction here. This case will be dismissed for a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 9<u>th</u> day of February, 2024.

                                                HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE